UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 02-302 |
| LIONEL COOLEY, #28106-034 | SECTION: "B"(1) |

### ORDER AND REASONS

Petitioner, Lionel Cooley, requests habeas corpus relief under 28 U.S.C. § 2255. For the following reasons, **IT IS ORDERED** that Petitioner's motion (Rec. Doc. 350) is **DENIED**.

Law and Analysis:

*The Waiver*

Cooley's petition under 28 U.S.C. § 2255 is improper because he expressly and effectively waived his right to such post-conviction relief as part of his plea bargain. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). The Fifth Circuit has ruled that if both "the plea or waiver itself was knowing and voluntary," and "the issue challenged on appeal may properly be the subject of waiver," then "the guilty plea sustains the conviction and sentence and the waiver can be enforced." United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002).



The right to appeal is a proper subject of waiver. In <u>Wilkes</u>, the court solidified this rule, stating that "a defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary." 20 F.3d at 653 (citing <u>United States v. Melancon</u>, 972 F.2d 566, 567 (5th Cir. 1992)). The court further expanded the rule to allow for "an informed and voluntary waiver of post-conviction relief," (<u>Id.</u>) as under a 28 U.S.C. § 2255 motion. Cooley's plea agreement contained just such a waiver: "the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255." (Rec. Doc. 219 at 2). Thus, if this waiver was voluntarily and knowingly entered into, then it should bind Cooley and preclude his current action.

A defendant's waiver of his right to appeal must be "informed and voluntary" to be valid. <u>United States v. Portillo</u>, 18 F.3d 290, 292 (5th Cir. 1994). Thus, "[a] defendant must know that he had a 'right to appeal his sentence and that he was giving up that right.'" <u>Id.</u> (quoting <u>Melancon</u>, 972 F.2d at 568). Knowledge of forfeiture of a right to appeal was assumed in <u>Portillo</u> since there was no indication in the record that the defendant "did not understand or was confused by the waiver-of-appeal provision." <u>Id.</u> Likewise, there is no indication that Cooley was confused or did not understand the waiver provisions within his plea agreement. Further, Cooley has made no assertions of any confusion or

misunderstanding within his 28 U.S.C. § 2255 motion. (Rec. Doc. 350). When a record "clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed . . . ." Portillo, 18 F.3d at 293.

**Failure to Appeal**

Even if Cooley had not waived his rights to appeal and to seek post-conviction relief, his current 28 U.S.C. § 2255 motion would nevertheless be improper because he failed to raise his claims on direct appeal. See, e.g. United States v. Frady, 456 U.S. 152, 164-65 (1982) (stating that, once a defendant's chance to appeal has been exhausted, "a final judgment commands respect"). In Frady, the Supreme Court stated that a "collateral challenge may not do service for an appeal." Id. at 165. "After conviction and exhaustion or waiver of any right to appeal, '[the Court is] entitled to presume that [the defendant] stands fairly and finally convicted.'" United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (quoting Frady, 456 U.S. at 164). To raise an issue of a constitutional or jurisdictional nature for the first time under a 28 U.S.C. § 2255 motion, a defendant must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." Shaid, 937 F.2d at 232. Raising an issue of error for the first time under a 28 U.S.C. § 2255 motion that is not of a

constitutional or jurisdictional nature requires the defendant to show "that the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." Id. at 232 n.7.

Cooley's claims fail both showings. Cooley offers no valid "cause" for failing to pursue his complaints in the course of a direct appeal.[1] The "actual prejudice" that he alludes to is a term of imprisonment of 210 months. However, the sentence that this court actually imposed is only half of that--a term of 105 months that is well below even the minimum sentence that Cooley's Guideline range called for.[2] (See PSI at ¶ 102). This 105 month sentence further precludes any perception of a "miscarriage of justice," as it is well below the minimum recommended sentence for a crime that Cooley has actually admitted to committing. See Murray v. Carrier, 477 U.S. 478, 496 (1986) (recognizing a narrow exception to the cause and actual prejudice test for "extraordinary" cases in which some constitutional violation resulted in the incarceration of a defendant "who is actually innocent"). Thus, Cooley's claim "is not cognizable under the

---

[1] The only "cause" that Cooley offers comes in a Supplementary Motion to his 28 U.S.C. § 2255 motion (Rec. Doc. 358), in which he claims that his failure to pursue a direct appeal is the fault of his attorney. His argument is unconvincing, as discussed below.

[2] Based in part on the Government's motion for downward departure under U.S.S.G. §5K 1.1. and a subsequent motion under F.R.Cr.P. 35. (Rec. Doc. 346)

limited scope of relief available under 28 U.S.C.[] § 2255 because it is not of constitutional dimension, could have been raised on direct appeal, and there has been no showing as to why it was not." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

### The Sentencing Complaint

Cooley's primary assertion within this § 2255 motion is that this Court improperly applied the Sentencing Guidelines by using a criminal history category that was based upon convictions that either should not have been counted or should have been counted together as one. He claims this constitutes double jeopardy, thus warranting collateral review by violating his sixth Amendment rights. (See Rec. Docs. 350, 359). The Fifth Circuit has established, however, that "claims that the guidelines were improperly applied are not cognizable under § 2255." United States v. Payne, 99 F.3d 1273, 1281 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." Id. The technical application of Sentencing Guidelines is simply not such a transgression or injury. Vaughn, 955 F.2d at 368; see also United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

Even if the merits of Cooley's assertions were to be considered by this Court, sentencing error would not be found.

-5-

Cooley's first claim is that three points were erroneously added to his criminal history category for a juvenile conviction that should not have been considered because it occurred outside the applicable time period. (Rec. Docs. 350, 359). But the Sentencing Guidelines are clear: "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points . . . for each such sentence." U.S.S.G. § 4A1.2(d)(1). While Cooley was 17 at the time of arrest, he was sentenced as an adult to a term exceeding one year and one month on December 29, 1994. (PSI at ¶ 63). Accordingly, consideration of this conviction was valid, as it was imposed within fifteen years of the offense for which Cooley is currently serving 105 months. U.S.S.G. 4A1.2(e)(1).

Cooley also claims that three related convictions were erroneously considered separately, leading to six additional and unwarranted criminal history points. (<u>See</u> Rec. Docs. 350, 359). The Sentencing Guidelines do state that "[p]rior sentences imposed in related cases are to be treated as one sentence." U.S.S.G. 4A1.2(a)(2). However, "prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." Application Note No. 3 to the Commentary to U.S.S.G. § 4A1.2. Cooley was arrested on separate occasions for each of the three offenses that he now claims to be

related. (PSI at ¶¶ 65-70). While Cooley received concurrent sentences after pleading guilty to each charge on the same date, for the purposes of the Sentencing Guidelines, the offenses are unrelated. Accordingly, "[p]rior sentences imposed in unrelated cases are to be counted separately." U.S.S.G. § 4A1.2(a)(2). Therefore, it was proper to assign three criminal history points for each of these three unrelated offenses.

### Assistance of Counsel

Cooley finally claims that his sixth Amendment right to effective assistance of counsel has been violated. (See Rec. Docs. 358, 359). This assertion is also without merit. Assistance of counsel is deemed constitutionally ineffective if (1) counsel's performance was deficient, and (2) the deficient performance was prejudicial to the client's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate deficiency, the first element of this test, "the petitioner must show that his counsel's actions 'fell below an objective standard of reasonableness.'" United States v. Smith, 915 F.2d 959, 963 (5th Cir. 1990) (quoting Strickland, 466 U.S. at 688). This demonstration is difficult, as an attorney's performance "enjoys a strong presumption of adequacy." United States v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995).

Cooley's attorney's performance was at least "adequate" pursuant to a standard of "reasonableness under prevailing

professional norms." <u>Strickland</u>, 466 U.S. at 688. Cooley asserts that his attorney should have objected to the Guidelines used during his sentencing. As discussed above, however, the Sentencing Guidelines were not only properly determined, but leniently applied. The fact that Cooley's attorney failed to object at sentencing "does not establish a claim of ineffectiveness of counsel." <u>Payne</u>, 99 F.3d at 1282 (5th Cir. 1996). Further, Cooley claims that his attorney should have filed a direct appeal. But Cooley had previously and validly waived his right to appeal and to post-conviction relief. An "attorney cannot be considered deficient for failing to raise claims knowingly an voluntarily waived in the process of plea bargaining." <u>Wilkes</u>, 20 F.3d at 653.

Even if Cooley could prove that his attorney's performance fell below an objectively reasonable standard, he is unable to prove any actual prejudice, the second element of the <u>Strickland</u> test. "An error of counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." <u>Strickland</u>, 466 U.S. at 691. Cooley made a plea agreement. (Rec. Doc. 219). Within that agreement was a waiver to appeals and to post-conviction relief, to be enforced so long as the sentence was at or under the statutory maximum allowed and not an "upward departure" from federal sentencing guidelines. His sentence was in fact both under the statutory maximum and within the framework of

the sentencing guidelines. Simply put, none of the attorney failures that Cooley alleges could have "actually had an adverse effect on the defense." <u>Strickland</u>, 466 U.S. at 693. An appeal here would have been futile.

Accordingly, this § 2255 motion fails.

New Orleans, Louisiana, this 4th day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE